# CASES

DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1917.

---

**A. L. Pulver and J. H. Kohlman, trading as Pulver-Kohlman Land Agency, Appellees, v. Harry Ainsworth, Appellant.**

### Gen. No. 6,263.    (Not to be reported in full.)

Appeal from the City Court of Moline; the Hon. GEORGE O. DIETZ, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed February 10, 1917. Rehearing denied April 12, 1917.

### Statement of the Case.

Action by A. L. Pulver and J. H. Kohlman, trading as Pulver-Kohlman Land Agency, plaintiffs, against Harry Ainsworth, defendant, to recover commissions claimed for services rendered in arranging a contract between defendant and R. and G. A. Shallberg to trade and exchange certain real estate. From a judgment for plaintiffs for nine hundred and eighty dollars, defendant appeals.

(80)

George W. Wood, for appellant.

Dietz & Sinnett, for appellees.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

## Abstract of the Decision.

1.   Brokers, § 93*—*what are questions for jury in action by members of real estate partnership individually for commissions.*   In an action by two plaintiffs doing business as a real estate partnership agency to recover commissions claimed for arranging a contract between the defendant and others for the exchange of defendant's real estate, the questions whether there was a misjoinder of plaintiffs and whether plaintiffs were acting in a dual capacity as agents for both parties to the contract, *held* to be for the jury.

2.   Brokers, § 91*—*when evidence sufficient to show knowledge by owner that members of real estate partnership were acting for both parties.*   Evidence *held* sufficient to sustain the finding that plaintiffs were acting as a partnership in the transaction sued on and that defendant knew they were acting both for him and for the other party to the contract involved in such transaction for the exchange of defendant's real estate, in an action to recover commissions claimed on account of such transaction.

3.   Appeal and error, § 1525*—*when instruction in action by brokers for commissions for exchange of real estate not reversibly erroneous.*   In an action to recover commissions claimed for securing a contract for the exchange of defendant's real estate, where plaintiffs were acting for both parties to such contract, an instruction that before plaintiffs could recover they must show that defendant had knowledge that they were acting for and were to recover commissions from both parties, *held* to be erroneous in omitting the necessary requirement also that defendant had agreed to plaintiffs so acting in a dual capacity, but not reversibly erroneous where other instructions covered the point, and the jury could not have been misled.

4.   Instructions, § 154*—*when modification proper.*   Modification of a requested instruction, making it more clear, where it was vague as originally drawn, *held* to be proper.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
        Vol. CCV 6